IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Manolo Gaud, Concepcion Gaud, | ) |
| | ) Civil Action No. 6:06-3574-GRA-BHH |
| Plaintiffs, | ) |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| Havana Tropical Café, Julio Torres, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on the plaintiffs' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiffs have pled claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-40, for back wages owed by the defendants, who are *pro se.*[1] By order filed January 8, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendants were advised of the summary judgment dismissal procedure and the possible consequences if they failed to adequately respond to the motion. To date, they have filed no response or evidence regarding the plaintiffs' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

In June of 2006, the Gauds began working for the defendants, Julio Torres and

---

[1] The plaintiffs have conceded that Havana Tropical Café is in bankruptcy and has been granted an automatic stay against further debt collection proceedings. (Pl. Brief at 4.)

Havana Tropical Café. Julio Torres was the registered agent and principal officer of Havana Tropical. (See Pl. Ex. J; [Doc. 35 Ex. 1].) Plaintiff Manolo Gaud worked as a bartender and earned $7.00 per hour plus tips. (Pl. Ex. F). Plaintiff Concepción Gaud earned $3.00 per hour plus tips. (Pl. Ex. E). The plaintiffs received checks from the defendants in October 2006, which were returned for insufficient funds. (Pl. Exs. H, I; [Doc. 35 Ex. 1].)

The plaintiffs attempted to speak with Torres several times regarding the returned checks and other wages owed. [Doc. 35 Ex. 1.] Torres reassured the plaintiffs that he would pay their wages. *Id*. Subsequently, Torres informed the plaintiffs that he was closing the restaurant for remodeling. *Id*. The restaurant closed on November 20, 2007 and never reopened. *Id*. The plaintiffs attempted to speak with Torres several times following the restaurant closing but were unsuccessful.

The plaintiffs seek judgment against the defendants for the back wages owed.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

3

**ANALYSIS**

**I.   WAGE CLAIMS**

The plaintiffs, Manolo and Concepcion Gaud, contend that the defendants owe them back wages in the amounts of $7,840.00 and $6592.00, respectively, and contend that there exists no genuine issue of fact as to those amounts or the defendants liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-40.  Under Section 206 of the FLSA, every employer engaged in commerce must pay its employees the minimum wage.  29 U.S.C. § 206.  Section 207 of the FLSA provides that an employer must pay an employee 1.5 times the amount of his hourly wage for every hour worked over forty hours in one week.  29 U.S. C. § 207(a)(1).  The SCPWA requires every employer in the State of South Carolina to pay all wages in cash, direct deposit, or other negotiable instrument on the agreed upon payday.  S.C. Code § 41-10-40.

The plaintiffs have met their burden under Rule 56 by submitting evidence that the defendants failed to pay them wages, in violation of the above cited FLSA and SCPWA sections and that they are owed wages in the precise amounts alleged    (Pl. Exs. A & B (U.S. Dept. of Labor Letters determining liability in these amounts under the FLSA), C - I). While not dispositive of the Court's determination, it is significant, unrebutted evidence that the Wage and Hour Division of the U.S. Department of Labor found that the defendants did not pay the plaintiff's as required by the FLSA, in the amounts alleged.  As stated, the defendants have not met their burden to produce evidence demonstrating that a genuine issue, in fact, does exist as to either their liability or as to the amounts owed, because they have made no response whatsoever to the motion for summary judgment.

The only remaining issue is whether Defendant Julio Torres may be held personally liable for the wages owed.  The plaintiff has conceded that Defendant Havana Tropical Café has filed for bankruptcy and was, therefore, granted an automatic stay

4

against further debt collection proceedings.  (Pl. Brief at 4.)  Concerning both statutory schemes, however, Torres may be held personally liable as a managing officer of Havana Tropical for the wages owed.  *See Belk v. Rock Haven Community Care Home, Inc.*, 2007 WL 4211588, at *3 (D.S.C. November 27, 2007); *see also Chao v. Hotel Oasis, Inc.,* 493 F.3d 26, 34 (1st Cir. 2007); *Cubias v. Casa Furniture & Bedding, LLC, et al.*, 2007 WL 150973, at *2 (E.D. Va. January 16, 2007)]; 29 U.S.C. § 203(d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).    Under the FLSA, an employer is defined as any person acting directly or indirectly in the interest of an employer in relation to an employee, and includes individuals with managerial responsibilities and substantial control over the terms and conditions of an employee's work.  *See* 29 U.S.C. § 203(d); *Belk*, 2007 WL 4211588, at *3  Likewise, under the SCWPA, an officer or agent of a corporation with knowledge of and direct responsibility for the corporation's failure to pay wages is individually liable for the non-payment of wages. *See* S.C. Code § 41-10-10; *Temple v. Tec-Fab, Inc.*, 635 S.E.2d 541, 544 (S.C. Ct. App. 2006).

The undisputed evidence shows that Torres was the registered agent and the principal officer for Havana Tropical Café, LLC and was directly responsible for paying wages to the plaintiffs.  (See Pl. Ex. J; [Doc. 35 Ex. 1].)  Specifically, on several occasions, Defendant Torres either paid the plaintiffs their wages with bad checks or refused to pay the plaintiffs at all.  (See Exhibits A, B, G-I.)  This unrebutted evidence tends to suggest that no issues of fact remain as to whether Defendant Torres knew about the failure to pay or whether or not such failure was willful.  Torres has put forward no evidence to the contrary as to his position with Havana Tropical or his responsibility in regards to the payment of wages.

Accordingly, the plaintiffs have met their burden under Rule 56 to show that no genuine issues of fact exist as to either their FLSA or SCPWA claims.  Defendant Torres is, therefore, personally liable under both Acts for the back wages owed.

**II.     DAMAGES**

It appears that, under the FLSA, the plaintiffs are entitled actual damages in an amount equal to the unpaid wages and an additional award of liquidated damages matching the amount of unpaid wages. *See* 29 U.S.C. § 216 (stating that any employer who fails to pay his employees minimum wages under §206 is liable to the employees for the amount of their unpaid minimum wages and is liable to the employees for an additional amount equal to the amount of the unpaid minimum wages as liquidated damages). In other words, the FLSA affords the plaintiffs an award in the amount of double their actual damages. *Id*. By contrast, the plaintiffs are entitled to an award of damages in an amount equal to three times the unpaid wages plus costs and attorney's fees, under the SCWPA. *See* S.C. Code § 41-10-80(C) (2006).

Because the plaintiff is not entitled to a double recovery, *see Sun Chemicals Trading Corp. v. SGS Control Services,* 159 Fed. Appx. 459, 462 (4th Cir. 2005), the Court presumes that she would elect the greater of her two remedies, which is treble damages, costs, and fees under the SCWPA. The total amount of back wages is $14,432.00. (Pl. Exs. A, B.) That amount trebled produces a judgment against Defendant Torres in the amount of $43, 296.00. The plaintiffs, at this time, have not represented any amount for costs and fees.

6

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the plaintiffs' motion for summary judgment [Doc. 81] be GRANTED and JUDGMENT be entered against Defendant Julio Torres in the amount of $43, 296.00. The Defendant Havana Tropical Café should be *dismissed without prejudice* based on the plaintiffs' admission that it is immune from any debt collection at this time.

IT IS SO RECOMMENDED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

March 13, 2008
Greenville, South Carolina

**The defendants' attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).